FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2008 MAR -7 AM 11: 05

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 08-SW-05033

IN THE MATTER OF THE EXECUTION
OF A SEARCH WARRANT
FOR ONE WHITE 4" X 9 1/2" ENVELOPE BEARING
A POSTMARK FROM DENVER, CO
DATED JANUARY 25, 2008. THE RETURN
ADDRESS IS LISTED: GERARDO LOPEZ,
1247 W. 101ST PL, NORTHGLENN, CO 80260.
THE ENVELOPE IS ADDRESSED TO:
WILLIAM QUINTERO P46138,
KVSP "D7" #104, PO BOX 5104,
DELANO, CA 93216.

---

**COMBINED ORDER PERMITTING A SIXTY DAY DELAY
IN SERVICE OR DELIVERY OF A COPY OF SEARCH
WARRANT AND INVENTORY TO THE SENDER OR RECIPIENT OF SUBJECT
CORRESPONDENCE SEARCHED PURSUANT TO WARRANT
AND ORDER TO SEAL SEARCH WARRANT APPLICATION
AND RELATED PAPERS**

---

THE COURT has reviewed the Government's Ex Parte Motion Filed Pursuant to Title 18 U.S.C. § 3103a(b) and (c) for a Sixty-Day Delay in Service or Delivery of a Copy of Search Warrant and Inventory to the Sender or Recipient of: One white 4" x 9 1/2" envelope bearing a postmark from Denver, CO dated January 25, 2008. The return address is listed: Gerardo Lopez, 1247 W. 101st Pl, Northglenn, CO 80260. The envelope is addressed to: William Quintero P46138, KVSP "D7" #104, PO Box 5104, Delano, CA 93216. The bottom left corner of the letter bears a standard USPS stamp that reads "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." Additionally, the addressee's information is marked through with black marker and the letters "RTS" are handwritten between the addressee and the

return address information, which is currently located at 1745 Stout Street, Denver Colorado, 80299 ("Subject Correspondence"), to be Searched Pursuant to Warrant and Motion to Seal Related Papers. The Court has the inherent power to fashion orders consistent with the Fourth Amendment to further law enforcement purposes served by Fed.R.Crim.P. 41. "[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Title 28 U.S.C. § 1651(a). *See Dalia v. United States*, 441 U.S. 238, at 254 n. 16. (1979).

Title 18 U.S.C. § 3103a(b) and (c), provide that this Court may order delay of the notification of the execution of the search warrant for a period not to exceed thirty days or "a later date certain if the facts of the case justify a longer period of delay," § 3103a(b)(3), where there is reasonable cause to believe that providing immediate notification may have an adverse effect (such as the removal or destruction of evidence, flight from prosecution, or otherwise jeopardizing an investigation) upon an underlying investigation. Such period of delay may thereafter be extended by the court for good cause shown for "periods of 90 days or less, unless the facts of the case justify a longer period of delay." Further, § 3103a provides that the Court may authorize the seizure of tangible evidence during the execution of the search warrant if the Court finds reasonable necessity for such seizures of tangible evidence.

The Court is advised that the Subject Correspondence to be searched is within the State and District of Colorado.

The Court has reviewed the motion for delayed notice and authorization to seize evidence, the search warrant application, and the affidavit submitted in support of the application

for search warrant. Being now sufficiently advised in the premises, the Court finds and concludes as follows:

A related ongoing investigation is being conducted. Investigators believe targets of said investigation to be associated with the evidence being sought by the application for search warrant. The related investigation is not likely to terminate within the next sixty days. Public knowledge of the existence of a federal search warrant would be likely to alert the targets of the investigation to the fact that the targets are the subject of federal law enforcement attention. Premature disclosure of the existence and execution of a federal search warrant could impede the investigation, apprehension and prosecution of persons acting in violation of the laws of the United States. Similarly, failing to seize evidence found during the execution of the search warrant could result in the removal, concealment, destruction, or disposition of such items.

The Court finds and concludes that there is reasonable cause to believe that providing immediate notification of the existence and execution of the federal search warrant may have an adverse result (as defined in Title 18 U.S.C. § 2705(a)(2)) on the investigation, and that there is reasonable necessity for investigators to seize evidence representing possible evidence of crime at the time of the execution of the within search warrant as required by the terms of Title 18 U.S.C. § 3103a(b) and ( c). See *Dalia v. United States*, 441 U.S. 238, 247-248 (1979).

Under the circumstances, including the facts related in the affidavit submitted in support of the application for the search warrant, it is necessary for Special Agents and Special Federal Officers responsible for the supervision and direction of the state or federal officers who ultimately may execute the search, to execute the search warrant without contemporaneously announcing the intention to execute a search warrant (18 U.S.C. § 3109) and there is reasonable

cause and necessity to do so without contemporaneously leaving a copy of the search warrant and inventory with the Subject Correspondence or with the sender or recipient of said Subject Correspondence to be searched pursuant to warrant.

Therefore, pursuant to Title 28 U.S.C. § 1651 and Title 18 U.S.C. § 3103a(b) and (c), the Court hereby orders that the Government shall delay for up to sixty days providing a copy of the search warrant and inventory to sender or recipient of the Subject Correspondence searched in this matter. In the event the Government determines that an extension of the delay permitted by this order is necessary to further the interests of justice, the Government may file a subsequent motion for an enlargement of the time of delay pursuant to 18 U.S.C. § 3103a(c).

Further, the Court orders that this order, all related Government motions, the search warrant application, supporting affidavit, and search warrant shall be sealed for sixty days or until further order of this Court, save and except for copies of said papers to be used for official purposes only by members of the staff of the Court, members of the staff of the United States Attorney, Special Agents, Special Federal Officers, and officers and agents assisting said Special Agents, Special Federal Officers, and Government Attorneys in the performance of their official duties.

Signed and entered this 7TH day of March, 2008, at 10:55 A.M.

BY THE COURT:

_____
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
**MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO**